IN RE WARREN SKILLERN    606MC001

## O R D E R

In its 7/25/06 Order, this Court imposed its "28 U.S.C. § 1915(g)-plus-plus" remedy upon Warren Skillern. Doc. # 4, *reconsideration denied*, doc. # 7, *appeal dismissed*, doc. # 13; *see also Barber v. U.S. Attorney General*, 458 F.Supp.2d 1378 (S.D.Ga.2006). In other words, the Court directed Skillern's jailers basically to block, for two years, anything further that Skillern might try to send to this Court:

> Accordingly, the State of Georgia (hence, Skillern's current warden, any successors and their staff), is directed to open and inspect each and every outgoing envelope from Skillern that is addressed to this Court (including any member of its judicial and clerical staffs) and withhold postage from any envelope in any way intended to be sent to this Court (but *not other courts* like the state courts or Eleventh Circuit) except for a Notice of Appeal and any IFP motion in *Skillern v. Smith*, 606CV047.

Doc. # 4 at 1 (emphasis added). In its 8/28/06 Order, the Court further directed that

> all Warren Skillern motions that "leak through" the Court's ban on further filings of any kind, *see* doc. ## 4, 7, are automatically *DENIED*, and this Order shall be filed in any and all other Skillern cases for the purpose of denying such motions. All appeals that "leak through" shall not be processed. All "new filings" (motions, documents of any kind that bear no case number) shall be filed in this (606MC001) file.

Doc. # 12 at 1. Finally, the Court directed that, "[s]hould any *Skillern* envelope in the meantime manage to get through to this Court, the Clerk is directed to send it directly to the undersigned, without processing." *Id.*

Skillern has since filed two lawsuits in the Northern District of Georgia: *Skillern v. Georgia State Administrators*, 1:07-CV-0999-WSD (N.D.Ga. 5/2/07), and *Skillern v. Moody*, 1:07CV1000-WSD (N.D.Ga. filed 5/2/07). That court just transferred those two cases to this Court and they have since been re-numbered: *Skillern v. Georgia State Administrators*, 607CV032 and *Skillern v. Moody*, 607CV031.

Before transferring those case, that court also blocked Skillern's Northern-District-venue-specific habeas claims by invoking a Northern District injunction against further habeas filings. *See* 607CV032 at 2; 607CV031 at 2. But Skillern had slipped into those cases 42 U.S.C. § 1983 claims against defendants located in this District, so the Northern District transferred both cases here. 607CV032 at 3-4; 607CV031 at 3-4.

Under this Court's 8/28/06 Order, both 607CV032 and 607CV031 are *DISMISSED WITH PREJUDICE*, and the Clerk shall file a copy of this Order in each of those case files.

Meanwhile, Skillern has obviously elected to continue his paper-war against the courts by exploiting the "not other courts" gap in this Court's 7/25/06 Order. *See* doc. # 4 at 1 (excerpted above). Thus, this Court now creates and applies here its 28 U.S.C. § 1915(g)-plus-plus-*plus* remedy. As previously noted, a mere "plus-plus-plus" remedy directs the State to

block all of his mail to this Court irrespective of its content. *Barber*, 458 F.Supp.2d at 1381. Under the new remedy, the State is now directed to block all Skillern mail to *any* federal (but not state) court.

Finally, the Clerk shall serve a copy of this Order upon all magistrate and district judges in this District, as well as upon the Attorney General of Georgia.

This 23 day of May, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA